UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff<br><br>        v.<br><br>RAYMOND HOWARD,<br>        Defendant | ) CRIM. ACTION NO. 4:17-cr-0291-04<br>)<br>) (Brann, D.J.)<br>)<br>) (ARBUCKLE, M.J.)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**
**(On Motion for Bail, Doc. 203)**

**PROCEDURAL HISTORY**

This case began with the indictment of one person, Nathan Crowder, on September 28, 2017. (Doc. 1). A Superseding Indictment of Crowder only was issued on December 14, 2017. On May 24, 2018, a Second Superseding Indictment was filed charging Crowder and adding Defendants Martin Askew (Counts 10, 14-17), Wayne Davidson (Counts 1, 4-6, & 8-9), and Raymond Howard (Count 1 conspiracy only) (Doc. 46). Arrest warrants for the new Defendants, including Howard were issued that day (Doc. 52). An arraignment was set for Howard for June 1, 2018 (Doc. 53). Howard waived his appearance at arraignment on May 31, 2018 (Doc. 56). An initial Scheduling Order setting trial for August 1, 2018 was issued on June 12, 2018. (Doc. 83). That trial date was continued over Howard's objection (Doc. 96-2) until November 5, 2018. (Doc. 98). The November trial was

continued until January 7, 2019, (Doc. 105) again over Howard's objection (Doc. 104-2). The January trial was then continued until April 1, 2019 (Doc. 150), this time with the concurrence of Howard (Doc. 149).

On January 22, 2019 Howard filed his first Motion for Bail (Doc. 156). After a Brief in Opposition to Bail was filed (Doc. 164), a hearing was held on February 22, 2019 (Doc. 170). An Order of Continued Detention was issued after the hearing (Doc. 171). Bail was denied at that time based on Howard's lengthy history of arrest and conviction while on supervision, and the lengthy period of incarceration if convicted. (Doc. 171, pp 2-3). It was also noted during the hearing that Howard was being held on state felony drug charges so bail in this case would have been moot. However, the state drug case was resolved on May 2, 2019, with a ungraded misdemeanor plea and an order to pay a fine and costs. All other charges were dismissed. No jail time was credited to that sentence (Doc. 203, p. 2).[1]

---

[1] Verified by State Court Docket, *Com. v. Howard*, CP-41-CR-0001927, OTN T-927329-4 (C.P. Lycoming County)(last viewed on 08/13/19). The court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are "generally known within the trial court's territorial jurisdiction," Fed. R. Evid. 201(b)(1), or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005).

On June 3, 2019, the Government filed its First Motion to Continue the trial (Doc. 198) to allow the acquisition of an expert report, over the objection of all Defendants including Howard. The trial was continued from June 3, 2019 to August 5, 2019 (Doc. 200).

On July 11, 2019, Howard filed a Second Motion for Bail (Doc. 203), the Motion that is the subject of this Opinion and Order. A hearing was held on that Motion on August 1, 2019 (Doc. 211) and a decision was reserved pending a home inspection report from Probation. A revised Pre-Trial Memorandum with the result of the home inspection dated August 14, 2014, was provided by the Court to the Parties on August 15, 2019.

While this Bail Motion was pending, a Third Superseding Indictment was filed on July 25, 2019 (Doc. 206). Also, a Joint Motion to continue the August 5, 2019 jury trial was filed (Doc. 215), once again over the objection of Defendant Howard (Doc. 215-1). The Motion was granted, and trial is now scheduled to begin on February 3, 2020 (Doc. 217). If that date holds, Defendant Howard will have been held on these charges for 620 days (or 20 months and 10 days).[2]

**DISCUSSION**

---

[2] I do not rule on the propriety of the continuances or the effect they have on the speedy trial calculation. Those issues are not before me.

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, not the preventive detention provisions of the Bail Reform Act, is the vehicle chosen by Congress to regulate the length of pretrial delays for both detained and undetained defendants. Congress' choice in this matter is clear from the legislative history of the Bail Reform Act. As the courts stated in *United States v. Colombo,* 777 F.2d 96 (2nd Cir. 1985), and *United States v. Accetturo*, 783 F.2d 382, 387 (3d Cir. 1986), the Bail Reform Act is not unconstitutional because it fails to consider length of detention. However, detention under the Bail Reform Act may be subject to a proper due process challenge.

> As *Colombo* recognized, complex cases are occasionally not brought to trial until substantially after the 90 day time period set forth in the Speedy Trial Act. Indeed, Section 3161(h)(8)(B)(ii) specifically directs judges to consider, in determining whether to order or grant continuances, "whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation ... within the time limits established by this section." Thus, in multi-count, multi-defendant cases such as the case *sub judice,* delays excludable from Speedy Trial calculations under section 3161(h) are commonplace. We agree with the Second Circuit that in some such situations "the Speedy Trial Act might not 'work perfectly well to *388 protect against lengthy incarceration,' " and that the length of the "defendant's pretrial detention might not survive a proper due process challenge." *Colombo,* 777 F.2d at 101 (*quoting* 130 Cong.Rec. 938, 945 (Feb. 3, 1984) (Senator Grassley).
> *United States v. Accetturo*, 783 F.2d 382, 387–88 (3d Cir. 1986).

During the second bail hearing, Counsel for Howard cited *United States v. Witkovich*, 353 U.S. 194 (1957) to support his due process argument. That case deals

with the statutory scheme of the Internal Security Act of 1950. Justice Frankfurter's opinion on the constitutional construction of the Act does not shed any light on the question before this court, namely can length of delay, on due process grounds, assist in overcoming the presumption of detention found in the Bail Reform Act.

The third case relied upon by Howard involved an alien who filed a petition for writ of habeas corpus, challenging his continued detention while subject to a final order of deportation. The District Court held that continued detention of an alien who was subject to a final order of deportation violated his substantive due process rights where his country of origin refused to allow his return. *Kay v. Reno*, 94 F. Supp. 2d 546 (M.D. Pa. 2000). In that case the detention could have been indefinite. In this case, while delayed, the end of detention is in sight with the slowly approaching trial[3].

**Factors other than Due Process**

*Rebuttable Presumption:*

Howard is charged, along with three others, with distributing carfentanil-laced heroin that resulted in at least nine known overdoses requiring medical attention and two deaths. (Doc. 164, p. 2). Based on the seriousness of these charges, Howard

---

[3] After the August 1, 2019 Bail Hearing for Howard, Judge Brann set a trial date of February 3, 2020, for all four defendants in this case (Doc. 217). At the start of that trial Howard will have been detained on these charges since May 24, 2018.

faces a mandatory minimum term of imprisonment of ten (10) years. 21 U.S.C. §§ 846 and 841(b)(1)(b). Accordingly, there is a rebuttable presumption that no condition or combinations of conditions will ensure the safety of the community and Howard's appearance as required. 18 U.S.C. § 3142(e)(3)(A).

*Strength of the Evidence:*

The government has proffered evidence (Doc. 164-1) showing that Howard was the leader of the conspiracy based upon multiple text messages during the relevant time period. Howard argues that the texts are vague and depend upon interpretation by a law enforcement officer who was not a party to the text conversations. The government conceded at the hearing that there is no direct eyewitness evidence that Howard personally provided drugs to anyone.

*Contacts with the Community:*

Despite being 45 years old, and having lived in Pennsylvania most of his life, Howard has no employment records on file with the PA Department of Labor and Industry (Gov. Ex. 4, April 13, 2018 Hearing). He proposes staying in a rented apartment with a female cousin. She is self-employed as a care giver and is on misdemeanor county probation for attempting to purchase a firearm as a prohibited person. She testified that her firearms disability was based upon her previous commitment to a mental institution. Howard has been offered employment at a local restaurant for 20 hours per week if he were released on bail. The home study ordered

on August 1, 2014 was provided to the Court on August 14. The proposed residence is not suitable for the reasons outlined in the report. In addition, the cousin proposed as a possible third-party custodian has a criminal record that includes unsworn false statements in July of 2018 and a controlled substance conviction in 2019. While on probation she has had a number of technical violations and according to her county probation officer has made a poor adjustment to supervision.

*Prior Criminal History:*

Howard has a significant criminal record beginning at age 20 (drugs & firearms, 3-6 years state prison); another drug conviction at age 30 (14-28 months followed by 7 years of probation); another state drug conviction at age 33 while on probation (3.5 years to 8.4 years); drug possession at age 34 (1-2 days); and a final state court drug possession conviction at age 44 (fine and costs only imposed while this federal court case pending). *See* Pre-Trial Services Report, 4:17CR00393-002 (dated April 13, 2019)[4]. The government argues that "over Howard's history of arrests in the past 24 years, he has shown a complete and utter disrespect for the law, probation offices, and the courts while on pretrial release and supervision." (Doc. 165, p. 11).

---

[4] This case 17-CR-00393 involves the same Defendants and was dismissed on June 4, 2018. The same charges are being prosecuted at 17-CR-00291, the case currently before the Court.

**Conditions or Combination of Conditions that would reasonably assure appearance as required and the safety of any other person and the community:**

Given the procedural posture of this case and the extensive delay, due process requires that the Defendant's custodial status be reviewed. However, that review is still cabined by the requirements of reasonable assurance outlined in the Bail Reform Act. 18 U.S.C. § 3141 *et seq*.

Historically Howard has appeared when required. He has no known connections outside of Williamsport and Philadelphia. The combination of a suitable custodian, drug screening, a curfew, supervision by pre-trial services, and electronic monitoring would, in my judgment, reasonably assure his appearance as required at future proceedings. Given his track record of convictions while under supervision what can't be reasonably assured is the safety of the community.

Bail is a Constitutional Right, but it is not an absolute right. The Eighth Amendment to the United States Constitution states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This amendment prohibits the federal government from imposing unduly harsh penalties on criminal defendants, either as the price for obtaining pretrial release or as punishment for crime after conviction. Every defendant is presumed innocent at trial and the Bail Reform Act standards do not alter that presumption. 18 U.S.C. § 3142(j). Can I reasonably say that Howard's release would provide any protection

to the community from the scourge of illegal drugs that has littered his consistent past? I think not.

**CONCLUSION**

After careful consideration of all the factors outlined in this Opinion, Howard's Second Motion for Bail (Doc. 203) should be denied. An appropriate order will follow.