UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:17-CR-291-4 |
| | ) | |
| | ) | (BRANN, D.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| RAYMOND HOWARD, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION
*Defendant Howard's Third and Fourth Motions for Bail, Docs. 239, 283*

## I.  INTRODUCTION

Currently pending before the Court are two motions by Raymond Howard ("Defendant Howard") seeking immediate release from detention—Defendant Howard's Third and Fourth Motions for Bail. (Docs. 239, 283). Each Motion seeks release under a different section of the Bail Reform Act.

In his Third Motion for Bail, Defendant requests reconsideration of the earlier decision denying bail. (Doc. 239). He contends that he should be released pursuant to 18 U.S.C. § 3142(c) because his continued detention violates his right to due process. *Id.* This Motion has been briefed and is now ripe for decision. (Docs. 242, 256).

In his Fourth Motion for Bail, Defendant argues that, because of the compelling circumstances presented by the COVID-19 pandemic, he should be temporarily released pursuant to 18 U.S.C. § 3142(i). (Doc. 283). This Motion has also been briefed and is now ripe for decision. (Docs. 284, 290).

For the reasons explained in this Memorandum, Defendant Howard's Third and Fourth Bail Motions will be DENIED without prejudice.

II.  BACKGROUND & PROCEDURAL HISTORY

This case began with the indictment of one person, Nathan Crowder, on September 28, 2017. (Doc. 1). On December 14, 2017, the First Superseding Indictment of Crowder only was issued. On May 24, 2018, a Second Superseding Indictment was filed charging Crowder and adding Defendants Martin Askew (Counts 10, 14-17), Wayne Davidson (Counts 1, 4-6, & 8-9), and Raymond Howard (Count 1 conspiracy only) (Doc. 46). Arrest warrants for the new Defendants, including Howard, were issued that day (Doc. 52).

Defendant Howard is facing a ten-year mandatory minimum sentence having been charged with violating 21 U.S.C. §§ 846 and 841(b)(1)(B). He is therefore charged with a crime that has a presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A).

On May 31, 2018, Defendant Howard waived his appearance at arraignment. (Doc. 56).

On June 12, 2018, United States District Judge Matthew Brann issued an order setting trial for August 1, 2018. (Doc. 83).

On June 25, 2018, Co-Defendant Markeese Askew filed a Motion to Continue the trial. (Doc. 96). Defendant Howard did not concur in that Motion. (Doc. 96-2).

On July 2, 2018, Co-Defendant Askew's Motion was granted, and the trial was continued until November 5, 2018. (Doc. 98).

On October 1, 2018, Co-Defendant Askew filed a Second Motion to Continue the trial. (Doc. 104). Defendant Howard did not concur in that Motion. (Doc. 104-2). On October 3, 2018, Co-Defendant Askew's Motion was granted, and the trial was continued until January 7, 2019. (Doc. 105).

On December 28, 2018, Co-Defendant Askew filed a Third Motion to Continue the trial. (Doc. 146). Defendant Howard did concur in that Motion. (Doc. 149). On January 3, 2018, Co-Defendant Askew's Motion was granted, and the trial was continued until April 1, 2019. (Doc. 150).

On January 22, 2019, Defendant Howard filed his First Motion for Bail. (Doc. 156). In his Motion, Defendant Howard argued that he was not a flight risk, and proposed arrangements that, in his belief, would reasonably address any concerns regarding the safety of other persons and the community. *Id.* On February 7, 2019, the Government filed a Brief in Opposition in which it argued that there was no combination of conditions that could assure the safety of other persons or the community if Defendant Howard was released. (Doc. 164). On February 22, 2019, I held a hearing on Defendant Howard's Motion. At the time of the hearing, Defendant Howard was being held on a detainer related to felony criminal charges filed to

Lycoming County Docket No. CR-1925-2017. (Doc. 203).[1] On February 22, 2019, I issued an order denying Defendant Howard's First Motion for Bail Release because the Government proved by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of persons or the community given that Defendant Howard is subject to a lengthy period of incarceration if convicted, has a significant criminal history, and because Defendant Howard has previously participated in criminal activity while on probation, parole or supervision. (Doc. 171).

On March 18, 2019, Co-Defendant Askew filed a Fourth Motion to Continue. (Doc. 183). Defendant Howard did not concur. (Doc. 183-2). On March 19, 2019, Co-Defendant Askew's Motion was granted, and the trial was continued until June 3, 2019. (Doc. 184).

On June 3, 2019, the Government filed its First Motion to Continue—the fifth continuance sought in this case. (Doc. 198). Defendant Howard did not concur. *Id.* Later the same day, the Government's Motion was granted, and the trial was continued until August 5, 2019. (Doc. 200).

---

[1] On May 2, 2019, the State criminal charges were resolved by Defendant Howard's plea to a misdemeanor. (Doc. 203 ¶ 4). Defendant Howard was sentenced to fines and costs. *Id.*

On July 11, 2019, Defendant Howard filed a Second Motion for Bail. (Doc. 203). The proffer regarding release was identical to his First Motion for Bail except that Defendant Howard proposed a new address and third-party custodian. *Id.*

Before a bail hearing could be held, a Third Superseding Indictment was issued. (Doc. 206). No new charges were brought as to Defendant Howard. *Id.* Defendant Howard waived personal appearance at the arraignment and entered a plea of not guilty. (Doc. 212).

On August 1, 2019, I held a hearing on Defendant Howard's Second Motion for Bail.

On August 5, 2019, Co-Defendant Askew filed his Fifth Motion to Continue—the sixth continuance sought in this case. (Doc. 215). Defendant Howard did not concur. (Doc. 215-1). On August 6, 2019, Co-Defendant Askew's Motion was granted, and the trial was continued until February 3, 2020. (Doc. 217).

On August 15, 2019, I issued a Memorandum Opinion denying Defendant Howard's Second Motion for Bail because no condition or combination of conditions could reasonably assure the safety of persons or the community given Defendant Howard's previously participation in criminal activity while on supervision. (Doc. 218).

On November 12, 2019, Defendant Howard filed a Third Motion for Bail. (Doc. 239). The proffer regarding release was identical to his Second Motion for

Bail except that Defendant Howard proposed a new address and third-party custodian. *Id.* On November 25, 2019, the Government filed a Brief in Opposition. (Doc. 242). On December 18, 2019, Defendant Howard filed a Brief in Support of his Third Motion for Bail. (Doc. 256). On December 20, 2019, I held a hearing on Defendant Howard's Third Motion for Bail.

On January 28, 2020, Co-Defendant Askew filed his sixth Motion to Continue—the seventh continuance sought in this case. (Doc. 269). Defendant Howard did not concur. (Doc. 270). On February 3, 2020, Co-Defendant Askew's Motion was granted, and the trial was continued until April 6, 2020. (Doc. 271).

On April 3, 2020, Defendant Howard filed his Fourth Motion for Bail. (Doc. 283). Along with his Motion, Defendant Howard filed a Brief in Support. (Doc. 284).

On April 6, 2020, Co-Defendant Askew filed his seventh Motion to Continue—the eighth continuance sought in this case. (Doc. 287). Defendant Howard did not concur. (Doc. 287-1). Later the same day, Co-Defendant Askew's Motion was granted, and the trial was continued to June 1, 2020. (Doc. 289).

On April 8, 2020, the Government filed its Brief in Opposition to Defendant Howard's Fourth Motion for Bail (Doc. 290).

III. DISCUSSION

    A.    Defendant Howard's Third Motion for Bail (Doc. 239)

In the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, Congress created a comprehensive set of statutory guidelines governing release and detention decisions for criminal cases in federal court. When addressing due process considerations in the context of bail motions under the Bail Reform act, the Third Circuit has recognized that, "at some point due process may require release from pretrial detention." *United States v. Accetturo*, 783 F.2d 382, 388 (3d Cir. 1986). It has declined, however, to set a bright line rule as to when, during the course of pretrial detention, due process requires release "[b]ecause due process is a flexible concept," and cautions on this score that "arbitrary lines should not be drawn regarding precisely when defendants adjudged to be flight risks or dangers to the community should be released pending trial." *Id.* at 388.

Instead, "due process judgments should be made on the facts of individual cases." *Id.* The due process analysis in this context should reflect the factors relevant in the initial detention decision as well as the following three *Accetturo* factors: (1) the length of the detention that has in fact occurred; (2) the complexity of the case; and (3) whether the strategy of one side or the other has added needlessly to that complexity. *Id.* at 388.

1.     New Information in Defendant Howard's Bail Motion

In this case, Defendant Howard has sought, and been denied, bail on two prior occasions. In both his first and second bail motions, Defendant Howard made a proffer that: (1) he found employment; (2) he found a place to reside; (3) he found a third-party custodian willing to cooperate with the probation department to ensure compliance with any and all conditions that the Court may impose; and (4) he would agree to any condition or combination of conditions that the Court deems appropriate. (Docs. 156, 203). On both occasions, the Court found that Defendant Howard was not entitled to bail.

In this, his Third Motion for Bail, Defendant Howard has offered a new housing arrangement and new third-party custodian—Pastor Sam Washington—who has agreed to cooperate with the United States Probation Office to ensure Defendant Howard's compliance with any and all conditions should Defendant Howard be released. (Doc. 239).

The Government argues that Defendant Howard has not overcome the presumption that no condition or combination of conditions will ensure the safety of the community or Defendant Howard's appearance.

The Government argues that, because "no other changes has been made to the motion apart from replacing [the proposed Third-Party custodians from the First and Second Motions] with Rev. Washington, the Government's other lengthy

arguments—which have little to do with custodian issues and everything to do with the facts of this case and the facts of Mr. Howard's criminal conduct—remain the same." (Doc. 242). Those other arguments include that: (1) the evidence against Defendant Howard is substantial, (Doc. 164, pp. 6-8); (2) Defendant Howard has a criminal history of four prior drug felony convictions, (Doc. 164, pp. 8-10); and (3) Defendant Howard has a history of failing to abide by the terms of court supervision, (Doc. 164, pp. 10-11).

I agree with the Government that the factors relevant to the initial detention decision, and Defendant Howard's multiple bail motions, including the fact that Defendant Howard will be subject to a lengthy period of incarceration if convicted, has a significant criminal history, and has previously participated in criminal activity while on court supervision, continue to weigh heavily towards continued detention.

> 2. Whether Defendant Howard's Due Process Rights Are Violated by his Continued Pretrial Detention

Defendant Howard argues that, after months of pretrial detention his liberty interest outweighs any danger to the community posed by his release. In support of this position, he contends that all three of the *Accetturo* factors weight in favor of releasing him pretrial on due process grounds.

The Government did not respond to Defendant Howard's due process argument.

With respect to the first *Accetturo* factor, the length of his detention, Defendant Howard argues:

> As of this date of this writing, Defendant has been detained for 573 days, just over 19 months. The case is currently on the February 2020 trial list with no date-certain trial set. Because of a pending Daubert motion filed by Co-Defendant Askew, the case is not likely to be tried until at least the May 2020 term which begins May 4, 2020. This means Howard will have been detained for 710 days by start of trial. The Third Circuit has made clear that "the length of detention is critical due t the 'crucial liberty interest at stake'. *U.S. v. Suppa*, 799 F.2d 115, 120 (3d Cir. 1986). The *Accetturo* decision has made clear that the rights of a defendant are fluid, not status. That is to say, because the passage of time continues to erode a presumed innocent defendant's due process liberty interests, a defendant is not limited to the proverbial "one bite of the apple" but has the right to continue to challenge his continued detention as the case continues to languish, as this case has.

(Doc. 256).

With respect to the second *Accetturo* factor, the complexity of this case, Defendant Howard argues:

> Four defendants, including Howard, are charged with conspiracy to distribute controlled substances from October 2016 through July 2017, a period of just 10 months. (Count 1). As previously stated, the case against Howard consists of solely test messages. Counts 2 through 17 are substantive counts involving 3 other co-defendants and charge possession with intent to deliver and/or delivery of controlled substances on specific dates. Presumably, the Government's proof will consist of the testimony of police officers, introduction of lab reports by stipulation (or testimony of toxicologists), witnesses who bought drugs from the co-defendants and an expert medical toxicologist. The Government has indicated that it may also introduce recorded telephone conversations.

(Doc. 256, pp. 3-4).

With respect to the third *Accetturo* factor, whether the strategy of one side or the other has added to the complexity of this case, Defendant Howard argues:

> Numerous continuances, at least one of which was requested by the Government so that it can retain an expert, have been granted over the objection of Defendant Howard. The Government waited 13 months from the date of the 2nd Superseding Indictment to decide it needed an expert (See Government's Motion for Continuance dated June 3, 2019, doc. 198, which was granted over the objections of all defendants, doc. 200). Surely the Government realized it would require an expert long before June 3, 2019. In doing so, the Government purposely and needlessly delayed the trial of this matter and violated Defendants due process rights.
>
> In *U.S. v. Vastola*, 652 F.Supp. 1446 (D. NJ 1987), the Court released the defendants when it appeared that they would have been detained for 12-18 months before trial. In doing so, the Court noted that the Government had delayed turning over evidence to the defense which contributed to the delay.

(Doc. 256, p. 4).

Defendant Howard has been detained at the Lycoming County Prison on charges in the above-captioned case since May of 2018. (Doc. 239 ¶ 5). As of April 3, 2020, Defendant Howard has been detained for 679 days (over twenty-two months) in connection with this case. (Doc. 284). Jury selection and trial are currently scheduled to take place on June 1, 2020. (Doc. 289). However, given the uncertainty presented by the COVID-19 pandemic, it is likely that trial will be pushed back further. Defendant Howard estimates that trial could be delayed until October 2020. This would result in a total of approximately twenty-seven months of pretrial detention.

The trial date in this case has been continued eight times. Seven of those continuances were requested by Co-Defendant Askew. (Docs. 96, 104, 146, 183, 215, 269, 287). In June 2019, the Government requested one 60-day continuance. (Doc. 198). Defendant Howard only concurred in one of the eight total continuances—resulting in a four-month delay. That concurrence roughly coincides with the period of time when Defendant Howard was subject to a detainer (lifted in May 2019) on State drug charges.

I acknowledge that the time Defendant Howard has spent in pre-trial detention is lengthy, but it has not yet reached the upper threshold of what has been found permissible in other drug—albeit slightly more complex—drug conspiracy cases. *See e.g. United States v. Thomason*, No. 4:16-CV-19-19, 2018 WL 2341713 (M.D. Pa. May 23, 2018) (finding that 31 months of pretrial detention in a multi-defendant drug conspiracy case did not violate due process); *United States v. Millan*, 4 F.3d 1038 (2d Cir. 1993) (finding that a detention that had lasted 24 months at the time of the hearing and was expected to last a total of 30 to 31 months of pretrial detention in a 12-defendant drug conspiracy case did not violate due process). Accordingly, because of the complexities presented by a multi-defendant drug conspiracy case, and because the majority of the delays in this case are attributable to his co-defendant and was not the fault of the government (as he contends), I find that he is not entitled to release on due process grounds at this time.

B.   DEFENDANT HOWARD'S FOURTH MOTION FOR BAIL (DOC. 283)

In his Fourth Motion for Bail, Defendant Howard requests that he be temporarily released pursuant to 18 U.S.C. § 3142(i) in light of the compelling circumstances presented by the COVID-19 pandemic.[2] In support of this request, Defendant Howard argues:

> Defendant has been detained at the Lycoming County Prison on these charges since May 24, 2018. No other detainers have been lodged. Due to the COVID-19 outbreak, Mr. Howard is bring denied meaningful access to counsel due to recent restrictions put into place by the Lycoming County Prison.

(Doc. 283, ¶ 5). In support of that position Defendant Howard has attached a letter from Lycoming County Prison indicating that one of the measures it has taken to protect staff and inmates is that legal and official visits are continuing through video conferencing, secure phone calls and non-contact/confidential meetings in the visitation area. (Doc. 284-5). Defendant Howard also joins in the arguments, as applicable, made by his Co-Defendant Nathan Crowder in his bail motion. (Doc. 284).

---

[2] In this Motion, Defendant Howard also sets forth an alternative argument—that his immediate release is required under the Due Process clause because his liberty interest outweighs any danger to the community posed by his release. Defendant Howard raised the same argument in his Third Bail Motion (Doc. 239) and proposed identical conditions for release in his proffer. For the same reasons discussed in Section III. A. of this Memorandum, Defendant Howard's request for release on due process grounds is denied without prejudice.

Section 3142(i) of Title 18 of the United States Code provides, in relevant part that:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

In the instant case, Defendant Howard does not cite to the risk of infection which may result from close confinement in a custodial setting and does not discuss any health challenges which may place him at greater risk.[3] Furthermore, Cases construing § 3142(i) generally "have rejected emergency motions for release of otherwise healthy and potentially violent defendants based solely on the generalized risks that COVID-19 admittedly creates for all members of our society." *United States v. Lee*, No. 19-CR-298 (KBJ), 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020) (citing *United States v. Cox*, No. 19-cr-271, 2020 WL 1491180 (D. Nev. Mar. 27, 2020)); *United States v. Green*, No. 19-cr-304, 2020 WL 1477679 (M.D. Fla. Mar. 26, 2020); *United States v. Steward*, No. 20-cr-52, 2020 WL 1468005 (S.D.N.Y. Mar. 26, 2020); *United States v. Hamilton*, No. 19-cr-54, 2020 WL 1323036 (E.D.N.Y. Mar. 20, 2020); *see also United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020). Rather, at a minimum

---

[3] To date, the Court is not aware of any confirmed COVID-19 cases at Lycoming County Prison.

court have typically required proof of a "[d]efendant's particular vulnerability to the disease [in order to] constitute a compelling reason for release under § 3142(i)." *United States of Am. v. Keith Kennedy*, No. 18-20315, 2020 WL 1493481, at *4 (E.D. Mich. Mar. 27, 2020), *reconsideration denied sub nom. United States v. Kennedy*, No. 18-20315, 2020 WL 1547878 (E.D. Mich. Apr. 1, 2020).

Instead, he argues that the efforts of the prison to mitigate the spread of COVID-19 have denied Defendant Howard meaningful access to counsel. In his Motion and Brief, however, Defendant Howard merely provides a general assertion that he does not have meaningful access with no specific information. To the extent Defendant Howard is relying on his Co-Defendant's Brief, Defendant Crowder argues that: (1) the facilities at Clinton County Correctional Facility severely constrain access to legal counsel by denying him the ability to meet with counsel in a private room and requiring that all legal visits be scheduled in advance at the prison's discretion; and (2) he has been unable to review critical discovery in preparation for trial. (Doc. 280, pp. 7-8). Assuming that these conditions are also present at Lycoming County Prison, where Defendant Howard is currently housed, I am not persuaded that the present circumstances identified by Defendant Howard constitute a compelling reason that, by itself, necessitates his release. For example, in a March 31, 2020 decision from the Western District where similar concerns were raised, the Court noted that:

> Defense counsel's general concerns about communication with Defendant and review of discovery material, the court is confident that Allegheny County Jail officials will respect the privileged nature of attorney-client telephone calls. In addition, written correspondence is also a viable method of communication. As explained by the government, the Allegheny County Jail offers confidential video conferencing for inmates and their attorneys. The effort by the Jail now includes nine rooms dedicated to video conferencing, and the Jail has allocated three officials to assist with said conferencing. These forms of communication are sufficient given that pretrial motions are not due until April 13, 2020, and the United States District Court for the Western District of Pennsylvania has already stated that "the period of time from March 13, 2020 to April 27, 2020 is considered to be excluded time in *all* criminal proceedings in this Court pursuant to U.S.C. § 3161(h)(7)(A)." *See* Misc. No. 2:20-mc-394-MRH. If requested, the Court will consider granting an additional extension of time for Defendant's pretrial motions in light of the practical difficulties caused by the pandemic.

*United States v. Thomas*, No. 19-176, 2020 WL 1599339 (W.D. Pa. Mar. 31, 2020).

Like the defendant in *Thomas*, Defendant Howard has raised only generalized concerns regarding review of discovery material in preparation for trial. He provides no specific information regarding attempts to schedule legal visits denied by the prison or specific conditions at Lycoming County prison that made the review of discovery material impossible. Attached to his Motion is a letter from Lycoming County Prison stating that legal visits may be conducted legal through video conferencing, secure phone calls and non-contact/confidential meetings in the visitation area. (Doc. 284-5). Although these conditions are more restrictive than usual, because Defendant Howard still has multiple methods of accessing his counsel, they are not compelling. Furthermore, I note that trial in this case was

recently continued to June 1, 2020. Defendant Howard has not argued that this deadline, or any others, present special considerations in this case.

IV. CONCLUSION

For the reasons stated herein:

(1) Defendant Howard's Third Motion for Bail (Doc. 239) is DENIED without prejudice;

(2) Defendant Howard's Fourth Motion for Bail (Doc. 283) is DENIED without prejudice;

(3) An appropriate order shall issue.

Date: April 16, 2020						BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge